Injunction will issue.

MARIE LO CONTE, FOR THE USE AND BENEFIT OF MICHAEL LO CONTE, PLAINTIFF, v. NICHOLAS LO CONTE, ANGELINE LO CONTE AND LO CONTE BROS., A NEW JERSEY CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided February 24, 1953.

*Mr. Harry Krieger,* attorney for the plaintiff.

*Mr. Francis P. Meehan,* attorney for the defendants.

FREUND, J. S. C.   The plaintiff applied for dissolution of a partnership formed by the defendant Nicholas Lo Conte and his brother, plaintiff's husband, Michael Lo Conte, now absent, and for the appointment of a receiver of the property and assets of the partnership.   The defendants resist on the ground that the plaintiff is not a proper party to make the application, because *R. S.* 42:1–32 provides that the court shall under certain circumstances decree a dissolution "On application by or for a partner" and that the plaintiff being neither a partner, the personal representative or

agent of a partner cannot make application "by or for a partner."

▉▉ Had it been the intent of the Legislature to limit the persons, other than partners, who may make application to the court strictly to personal representatives or agents of partners, it would have done so. The statute does not in any wise specify who may make application "for a partner." In the absence of any limitation, it is to be presumed that any party in interest may make such application—certainly equity dictates that it may properly be made by a person as much in interest as the wife of an absent partner.

▉ The plaintiff's husband, Michael Lo Conte, disappeared from his usual place of abode on February 21, 1952 —more than one year ago. Accordingly, even if the Uniform Partnership Law did not permit the wife in her own interest and that of her children to apply for a determination of her husband's partnership interest, she might now proceed under N. J. S. 3A:39–1 for the appointment of a trustee to manage her husband's property.

An order appointing a receiver of the partnership and directing dissolution may be submitted.